```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

--------------------------------x
MARTY CALDERON,                 :
                                :
     Plaintiff,                 :
                                :
     v.                         :   Case No. 3:07CV938(AWT)
                                :
ALTHEA DINAN, WILLIAM GALLAGHER,:
DAVID McCARRY, AND              :
THE GALLAGHER LAW FIRM CORP.,   :
                                :
     Defendants.                :
--------------------------------x
```

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

The plaintiff claims that she was fraudulently induced to sign a settlement agreement on June 8, 2007 with respect to a previous lawsuit she filed against Althea Dinan and Dinan & Dinan, P.C. The plaintiff has brought the following claims against the defendants in this case: Count One, defamation and slander; Count Two, violation of the Connecticut Unfair Trade Practices Act; Count Three, violations of 42 U.S.C. §§ 1981 and 1985; Count Four, violation of 42 U.S.C. § 1981; and Count Five, racial discrimination through fraudulent inducement in violation of 42 U.S.C. §§ 1981 and 1985. (See Compl. at ¶¶ 52-56.)

The defendants have moved for summary judgment on all the claims. For the reasons set forth below, the motion is being granted.

### I. LEGAL STANDARD

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material

fact in dispute and that it is entitled to judgment as a matter of law.  See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The moving party may satisfy this burden by demonstrating the absence of evidence supporting the nonmoving party's case.  See PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).  If the nonmoving party does not respond to the motion, the court may accept as true the moving party's factual statements.  See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in [the moving party's Rule 56(a)1] statement will be deemed admitted unless controverted . . . .").  Even if the motion is unopposed, however, the court will not grant summary judgment unless it determined that the moving party is entitled to judgment as a matter of law.  See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).

Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein.  See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Despite this liberal interpretation, however, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment.  Carey v. Crescenz, 923 F.2d 18, 21 (2d Cir. 1991).

II. **FACTUAL BACKGROUND**

As noted above, the claims in this lawsuit arise out of Calderon's dissatisfaction with the settlement in another lawsuit: Calderon v. Dinan & Dinan, P.C., et al., 3:05-cv-1341(JBA)(the

-2-

"Underlying Lawsuit").  The defendants in the Underlying Lawsuit were represented by William Gallagher, David McCarry, and The Gallagher Law Firm Corp.  Calderon had been employed by Dinan & Dinan, P.C., which had terminated her employment.  The defendants in the Underlying Lawsuit filed a motion to dismiss. Calderon's claims of racial discrimination pursuant to 42 U.S.C. § 1981 and a claim of interference with the right to free speech pursuant to Conn. Gen. Stat. § 31-51q survived the motion to dismiss.  (See "Underlying Lawsuit," Doc. No. 48.)  In the defendants' answer to these claims, the defendants referred to the plaintiff's conviction for violating a family violence protective order.  (See id., Doc. No. 54.)  The defendants stated that this "after-acquired evidence" would be used to support limiting damages for back pay to a period commencing with Calderon's discharge and ending with the discovery of the conviction, as well as for purposes of impeachment.

Before any trial, the parties participated in two settlement conferences held by Magistrate Judge Margolis.  During the second conference, on June 8, 2007, the issue of after-acquired evidence of Calderon's conviction was discussed.  Calderon had previously filed a motion to exclude this evidence.  (See id., Doc. No. 156.) Calderon then agreed to withdraw the Underlying Lawsuit, with prejudice, in exchange for a payment of $5,000.  She signed a general release of all claims against her former employer, and was tendered a $5,000 cashier's check.  Calderon later notified Judge Arterton that the parties "had a settlement offer and acceptance on

Friday, June 8, 2007." (See Mem. Supp. Def.'s Mot. Summ. J. (Doc. No. 20) at Ex. 6.) Judge Arterton then issued an order administratively closing the Underlying Lawsuit. (See "Underlying Lawsuit," Doc. No. 161.)

The following week, Calderon filed a "Motion to Reopen Case for Trial And To Set Aside Stipulated Dismissal." (Id., Doc. No. 163.) Her basis for the motion was that "defendants' counsel misrepresented the maximum amount of plaintiff's recovery at trial by introducing, for what she allege[d] to be the first time, the issue of after acquired evidence of [her] criminal conviction." (See "Underlying Lawsuit," Ruling on Objections to Magistrate Judge's Recommended Ruling, (Doc. No. 171) at 3.) Judge Margolis issued a Recommended Ruling, noting, inter alia, that:

> (1) The plaintiff "instantly" agreed to accept the defendant's offer of $5,000.00 in 3:05-cv-1341 (JBA), provided that she was paid that same day (June 8, 2007);
>
> (2) Judge Margolis has obtained a transcript of the May 25, 2007 oral argument before Judge Arterton, and has not found representations by defense counsel that are inconsistent with those taken during the June 8, 2007 settlement conference before her;
>
> (3) The plaintiff is an experienced litigator;
>
> (4) The plaintiff's action in cashing the settlement check on June 11, 2007 is wholly inconsistent with the positions taken in her Motion to Reopen filed on June 13, 2007;
>
> (5) The plaintiff has "clearly" received sufficient consideration for the withdrawal of her claims in 3:05-cv-1341 (JBA); and,
>
> (6) The defendants have fully performed their part of the settlement.

("Underlying Lawsuit," Doc. No. 168.)

Over Calderon's objection to the recommended ruling (See id., Doc. No. 169), Judge Arterton made an independent review and adopted the recommended ruling on November 20, 2007 (See id., Doc. No. 171.)  Among her findings were that "[a]s to Ms. Calderon's argument that defense counsel misrepresented the law of after-acquired evidence during the settlement conference, Ms. Calderon's own briefing forecloses this suggestion . . . . If Ms. Calderon felt at the settlement conference that the defendants were misrepresenting the law or overstating the strength of their position based upon an after-acquired evidence defense, she was free to simply decline their offer of compromise and take the matter to trial, where her view of the law may have prevailed." (Id. at 5-6.)  Instead of appealing to the Second Circuit, Calderon filed the instant action.

### III.  DISCUSSION

**A. Count One: Defamation and Slander**

In Count One, Calderon claims that the defendants defamed and slandered her with regards to her conviction.  However, as Judge Arterton noted, Calderon could have opted to decline the settlement offer if she felt that the defendants and their attorneys were misrepresenting the law or overstating the strength of their position.  Instead, Calderon, who has a law degree from Quinnipiac University (See Ex. 2, Doc. No. 20), signed a general release.

"A settlement is a contract, and once entered into is binding

and conclusive." Janneh v. GAF Corp., 887 F.2d 432, 436 (2d Cir. 1989), cert. denied, 498 U.S. 865 (1990), overruled on other grounds by Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863 (1994). "A bona fide compromise of a disputed legal claim will provide sufficient consideration for the release of that claim." DiMartino v. City of Hartford, 636 F.Supp. 1241, 1249 (D. Conn. 1986). Moreover, a "plaintiff's change of mind does not excuse her from performance of her obligations under [a] settlement agreement." Manning v. New York University, 299 F.3d 156, 164 (2d Cir. 2002).

Calderon seeks to void a settlement agreement she now regrets. This is an insufficient basis with which to set aside the settlement. See Evans v. Waldorf-Astoria Corp., 827 F. Supp. 911, 914 (E.D.N.Y. 1993)("A party to a settlement cannot avoid the agreement merely because she subsequently believes the settlement insufficient.") (citations, internal quotations, and alterations omitted).

To the extent that Calderon contends that the Gallagher Law Firm and its individual defendants unreasonably used her past conviction for bargaining purposes, Connecticut law affords attorneys with absolute immunity for communications made during the course of a judicial proceeding: "[A] cause of action [for libel or slander] must be reconciled with our responsibility to assure unfettered access to our courts. Because litigants cannot have such access without being assured of the unrestricted and undivided

-6-

loyalty of their own attorneys, we have afforded to attorneys, as officers of the court, absolute immunity from liability for allegedly defamatory communications in the course of judicial proceedings." Mozzochi v. Beck, 204 Conn. 490, 491, (1987).

Thus, the defendants are granted summary judgment on this claim.

**B. Count Two: CUTPA**

The Gallagher Law Firm and its individual defendants are entitled to summary judgment on Calderon's claim under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, et seq. CUTPA only reaches the entrepreneurial aspects of a law firm's conduct. CUTPA is not applied to undermine an attorney's vigorous representation in service of a client. As the Connecticut Supreme Court stated:

> It is of no consequence that the plaintiff in the present case is alleging intentional misconduct. By shielding attorneys from CUTPA liability for professional conduct, we do not intend to protect intentional malpractice, just as we never have intended to protect negligent malpractice. Rather, protecting professional conduct from CUTPA liability ensures that no attorney is discouraged from intentional and aggressive actions, believed to be in the interest of a client, by fear of being held liable under CUTPA in the event that the action is later deemed to have been an intentional deviation from the standards of professional conduct.

Suffield Dev. Assocs. Ltd. P'ship v. Nat'l Loan Investors, L.P., 260 Conn. 766, 768 (2002). To the extent that Calderon may be claiming that Althea Dinan violated CUTPA, the statute does not apply to conduct in an employment relationship. United Components,

Inc. v. Wdowiak, 239 Conn. 259 (1996).  Thus, the defendants are entitled to summary judgment on this claim.

**C. Counts Three, Four, and Five: Claims Related to Settlement Negotiations**

Calderon has made other, vague claims related to the loss of her trial due to racial discrimination and intentional infliction of emotional distress by the defendants.  These claims are precluded under the doctrine of collateral estoppel.  Under this doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issues in a [later] suit on a different cause of action involving a party to the first action."  Allen v. McCurry, 449 U.S. 90, 94 (1980).  The Second Circuit has set out the following test: "(1) the issues in both proceedings must be identical, (2) the issue in the prior proceedings must have been actually litigated and actually decided, (3) there must have been full and fair opportunity for the litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits."  Beck v. Levering, 947 F.2d 639, 642 (2d Cir. 1991)(citation omitted).  All of these requirements are satisfied here.

In her motion to set aside the settlement in the Underlying Lawsuit, Calderon contended inter alia, that she had been fraudulently induced to sign the settlement agreement.  The Underlying Lawsuit presented substantially the same issues raised

-8-

by the claims here.  (Compare Compl., Calderon v. Dinan & Dinan, P.C., et al., 3:05-cv-1341(JBA) with Compl., Calderon v. Dinan et al., 3:07-cv-938(AWT)).  Thus, Calderon is presenting issues already reviewed and ruled upon by Magistrate Judge Margolis and Judge Arterton, and the first and second prongs of the doctrine are satisfied.  As to the third prong, Calderon had a full and fair opportunity in the Underlying Lawsuit for litigation of the issues related to the validity of the settlement.  Finally, as to the fourth prong, findings on the issues previously litigated, i.e. fraud and misrepresentation and the related issues, were necessary to support a valid and final judgment on the merits in the Underlying Lawsuit.  Judge Arterton concluded that any evidence Calderon has as to misrepresentation and fraud on the part of the defendants was insufficient to void her obligations under the settlement.

### D. Miscellaneous Allegations

The plaintiff has alleged that the defendants "conspired to interfere with potential job offers to the plaintiff from April 7, 2005 until the present, in violation of 42 U.S.C. § 1981 . . . ."  She also alleges that she has been "unable to procure a full time legitimate position with another law firm in the States of Connecticut and New York due to interference from the defendants in violation of 42 U.S.C. § 1981."  (Compl. at ¶ 47.)  Further, she claims that the plaintiffs conspired to intimidate potential

witnesses in violation of § 1985 (Compl. at ¶ 41), that the misrepresentations surrounding the settlement were in violation of the above-mentioned statutes (Compl. at ¶ 37), and that the defendants caused her "intentional infliction of emotional distress in violation of 42 U.S.C. 1981, 1984 and have intentionally caused the Plaintiff to lose sleep, additional physical injury, and improper physical healing from and assault on the Plaintiff's body . . . ." (Compl. at ¶ 39).

"A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983). Here, the case is at the summary judgment stage. After reviewing the complaint, and the rest of the record, the court concludes that these allegations are conclusory and without evidentiary support. "[M]ere speculation and conjecture is insufficient to defeat a motion for summary judgment." Stern v. Trustees of Columbia Univ., 131 F.3d 305, 315 (2d Cir. 1997) (internal quotation marks omitted) (quoting Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990)).

### E. Plaintiff's Pro Se Status

While Calderon is proceeding pro se, she is an attorney, and as Judge Margolis noted, she is an experienced litigator. (See "Underlying Lawsuit," Doc. No. 168.) In addition, she was sent the

court's Order Re Motion For Extension of Time (Doc. No. 30) to file an opposition to the instant motion.  In that order, the court stated that "UNDER NO CIRCUMSTANCES WILL THE PLAINTIFF BE GRANTED ANY FURTHER EXTENSION.  If she fails to timely file a proper opposition, her case will be dismissed, with leave to file a motion to reopen within a limited period of time if she has prepared and is ready to submit a proper opposition to defendants' motion for summary judgment."  Calderon has failed to file an opposition, despite being given notice and opportunity, and has been given all the deference appropriate in light of her pro se status.

### III.   CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment (Doc. No. 20) is hereby GRANTED.  Summary judgment shall enter in favor of the defendants on all the plaintiff's claims.

The Clerk shall close this case.

It is so ordered.

Dated this 12th day of March 2009 at Hartford, Connecticut.

                                            /s/ AWT
                                     Alvin W. Thompson
                            United States District Judge